UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NETACENT, INC.; ISAAC BARRETT; JORDAN BARRETT; and QUINN WATT,<br><br>Appellants and Cross-Appellees,<br><br>v.<br><br>GREGGORY J. TAHMISIAN and SOLID STATE OPERATIONS, INC.,<br><br>Appellees,<br><br>GREGGORY J. TAHMISIAN,<br><br>Cross-Appellant. | Case No. 1:26-cv-00532-DCN<br><br>On appeal from the United States Bankruptcy Court for the District of Idaho, Adv. No. 23-06018-BPH (Hon. Benjamin P. Hursh)<br><br>**MEMORANDUM DECISION AND ORDER** |

**DISCUSSION**

This case is an appeal by appellants Netacent, Inc. ("Netacent"), Isaac Barrett, Jordan Barrett, and Quinn Watt ("Appellants") from a bankruptcy proceeding in the United States Bankruptcy Court for the District of Idaho, wherein the Bankruptcy Court, among other things, found that cross-appellant Greggory Tahmisian has acquired a 52% ownership in Netacent. Mr. Tahmisian sought immediate enforcement of the judgment, while Netacent sought to stay enforcement pending appeal.

On September 16, 2026, the Court issued a temporary stay of the Bankruptcy Court's orders while it considers Appellants' Motion for Stay Pending Appeal and Waive or Modify Security Requirement (the "Motion to Stay"). *See* Dkts. 18, 20. The Court has yet to issue a ruling on the Motion to Stay.

Meanwhile, briefing on the plenary appeal is underway. During an informal scheduling conference with the parties, it was determined that the appellate brief page limits set forth in Part VIII of the Federal Rules of Bankruptcy Procedure (the "Rules") should be doubled given the voluminous record in the underlying proceeding, and the deadlines to file such briefs were also extended. *See* Dkt. 28, ¶ 2. All other briefing and formatting requirements in the Rules remained intact. *See* Dkt. 28, ¶ 1.

On November 6, 2026, Appellants filed the present Motion for Leave to File an Overlength Brief and for Extension of Time. Dkt. 36 (the "Motion"). In their Motion, Appellants request an additional 15 pages for their primary brief for a total of 75 pages, as well as an additional 30 days to file their brief. *Id.* at 1–2. Appellants state that "the size of the Bankruptcy Court's orders, the record, the number of parties, the distinct legal issues, and the formatting restrictions make full compliance with the Scheduling Order impossible without materially compromising Appellants' arguments." *Id.* at 3.

Mr. Tahmisian and Solid State Operations, Inc. ("Solid State") oppose the Motion. Dkts. 38, 39. They argue the Court already turned down Appellants' request for a longer deadline and more pages, and they and their creditors will be prejudiced by further delay of enforcement of the Bankruptcy Court's orders. They further argue if Appellants' current

brief using 12 point font fits within the 60-page limit set by the Court (as the Appellants admitted), then any relief should be limited to additional pages and not additional time.

The Court finds good cause to grant the Motion. The Court disagrees that the Motion is masquerading as a motion for reconsideration. The Court issued its Scheduling Order following an informal scheduling conference, not motion practice. Now, with the benefit of attempting to comply with this Court's order, Appellants find the voluminous record and formatting restrictions compromise their ability to present their arguments on the merits. The Court's preference for resolving cases on the merits favors extending the page limits and deadlines set forth in the Court's Scheduling Order. *See Hoskins v. Peterson*, 2010 WL 11531398, at *2 (D. Idaho Sept. 30, 2010).

Furthermore, the Court's temporary stay (Dkt. 18), not the briefing schedule, is what is currently delaying enforcement of the Bankruptcy Court's orders. Whether the Motion to Stay is granted, allowing extension here will not materially prejudice Mr. Tahmisian and Solid State. Appellants have articulated a compelling need justifying the modest extension of time requested. *See* Dkt. 41, at 3. The Court will therefore grant Appellants an additional 30 days to file their primary brief. All other dates in the Scheduling Order shall likewise be extended 30 days.

**ORDER**

Now therefore, IT IS HEREBY ORDERED:

1. The Motion for Leave to File an Overlength Brief and for Extension of Time (Dkt. 36) is GRANTED.

2. The deadlines set forth in Paragraph 2 of the Scheduling Order (Dkt. 28) shall each be extended by **30 days**.
3. The page limits set forth in Paragraphs 2(a)–(d) of the Scheduling Order shall have **15 pages** added to each limit. The page limit set forth in Paragraph 2(e) of the Scheduling Order shall have **10 pages** added to its limit.

DATED: November 12, 2026

David C. Nye
U.S. District Court Judge